IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEE BOYD MALVO | * | |
| Petitioner | * | Case No._____ |
| v. | * | |
| RANDALL MATHENA, CHIEF WARDEN RED ONION STATE PRISON | * | |
| | * | |
| Respondent | * | |
| | * | |

## **PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF *HABEAS CORPUS***

Petitioner, Lee Boyd Malvo ("Mr. Malvo"), through his counsel, William C. Brennan, Jr., Esq., and Brennan McKenna Manzi Shay Levan, Chartered, respectfully requests appropriate relief under 28 U.S.C. § 2254, and for reasons therefore, states as follows:

1. On October 10, 2006 Mr. Malvo plead guilty to Counts 1 – 6 (six counts of First Degree Murder) in the Circuit Court for Montgomery County, Maryland in Case No. 102675C. Mr. Malvo was a minor (17 years old) at the time these crimes were committed.

2. On November 8, 2006 Mr. Malvo was sentenced to six (6) terms of life without the possibility of parole, one for each count, all to be served consecutive.

3. Mr. Malvo did not testify at his trial in Case No. 102675C, nor did he appeal the conviction to either Maryland State courts or the federal courts.

4. On June 25, 2013, the Supreme Court of the United State announced their decision in *Miller v. Alabama,* 132 S. Ct. 2455 (June 25, 2012), which held, in part, mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment. This rule applies retroactively to Mr. Malvo under *Teague v. Lane,* 489 U.S. 288 (1989). As stated above, Mr. Malvo was under 18 years of age at the time of the commission of the crimes for which he is sentenced to life without the possibility of parole.

5. In addition to Mr. Malvo's sentence in his Montgomery County case, he is facing two (2) terms of life in prison without parole stemming from a case in the Circuit Court for Spotsylvania County, Spotsylvania County, Virginia. This Virginia sentence also stems from crimes committed by Mr. Malvo while he was under the age of 18 which Mr. Malvo's Virginia counsel will be addressing separately from this Petition.

6. Mr. Malvo's judgment of conviction became final over one year ago; however, the "new rule" announced today by the Supreme Court in *Miller, supra* did not go into effect until June 25, 2012, and should be retroactively applied to Mr. Malvo's case under *Teague, supra.* This petition is filed within one year of the

date on which the rule in *Miller* initially went into effect as recognized by the Supreme Court.

    7.    Further, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") s contained in 28 U.S.C. § 2244(d) provides in part that:

> (1) A one-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     a. The date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>     b. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>     c. The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     d. The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

WHEREFORE, Petitioner, Lee Boyd Malvo, through his counsel, respectively requests that this Court grant the following relief:

A. Vacate the unconstitutional sentence imposed by the Montgomery County Circuit Court; and

B. For such other and further relief to which the Petitioner is entitled.

Respectfully submitted:

Brennan McKenna Manzi Shay Levan Chartered

/s/
William C. Brennan, Jr.
Federal Bar No. 00465
6305 Ivy Lane, Suite 700
Greenbelt, MD 20770
(301) 474-0044 – Main
(301) 474-5730 – Fax
wbrennan@bsm-legal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition was sent this 25th day of June, 2013, via U.S. First Class Mail to:

Office of the State's Attorney
For Montgomery County
50 Maryland Avenue, 5th Floor
Judicial Center
Rockville, MD 20850

/s/
William C. Brennan, Jr.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

LEE BOYD MALVO               *

    Petitioner                   *    Case No._____

v.                                  *

RANDALL MATHENA, CHIEF WARDEN   *
RED ONION STATE PRISON
                                    *

    Respondent
                                    *

                                         *

_____

## **ORDER**

Upon consideration of the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* filed herein, it is this \_\_\_\_ day of _____, 2013, by the United States District Court for the District of Maryland,

ORDERED, that the relief sought in the Petition is granted and Petitioner's sentence in the case of *State v. Lee Boyd Malvo*, Case No. 102675C be and the same is hereby vacated.

_____
JUDGE