**BRIAN E. FROSH**
*Attorney General*

**ELIZABETH F. HARRIS**
*Chief Deputy Attorney General*

**CAROLYN QUATTROCKI**
*Deputy Attorney General*



# STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO.

(410) 576-6475

WRITER'S DIRECT DIAL NO.

(410) 576-6415

July 27, 2018

**ELECTRONICALLY FILED BY CM/ECF**

Hon. Peter J. Messitte
U.S. District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 475A
Greenbelt, Maryland 20770

    RE:    *Malvo v. Mathena, et al.*, PJM-13-1863
             **Parties' Joint Status Report**

Dear Judge Messitte:

On June 21, 2018, the U.S. Court of Appeals for the Fourth Circuit issued an opinion affirming the grant of habeas-corpus relief to Mr. Malvo in connection with his criminal sentencing in the Commonwealth of Virginia for a host of murders colloquially known as the "DC Sniper Case." *Malvo v. Mathena*, __ F.3d __, No. 17-6746, 2018 WL 3058931 (4th Cir., June 21, 2018) (applying, *inter alia*, *Miller v. Alabama*, 567 U.S. 460 (2012); *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016)). On June 27, 2018, this Court issued an order directing counsel to submit a joint status report addressing the impact, if any, the Fourth Circuit's decision may have on the proper course of these habeas-corpus proceedings. The parties accordingly offer the following report:

July 27, 2018
Hon. Peter J. Messitte
Page 2

This case has been stayed since April 11, 2017, when the Court issued an order granting Mr. Malvo's motion to hold the proceedings in abeyance while he returned to Maryland state court to litigate a motion to correct an illegal sentence based on *Miller* and *Montgomery*. (ECF 22 at 1–2). The illegal-sentence motion, if successful, would obviate, or, if not successful, at least exhaust, Mr. Malvo's pending habeas claims.

Since the issuance of the stay, the Circuit Court for Montgomery County, Maryland, has denied Mr. Malvo's motion to correct an illegal sentence, and Mr. Malvo has appealed to the Court of Special Appeals of Maryland. *Malvo v. State*, No. 17-476 (Md. Ct. Spec. App., filed Sept. 14, 2017). That Court has stayed appellate proceedings pending the issuance of decisions in four unrelated cases now before the Court of Appeals of Maryland, each of which touches upon, although does not precisely mimic, the *Miller-Montgomery* issue resolved by the state circuit court against Mr. Malvo. In advance of any judgment in the Court of Special Appeals, Mr. Malvo has also filed a petition for a writ of certiorari with the Maryland Court of Appeals, as authorized by Maryland Rule 8-302(a). That petition remains pending.

Thus, the reason for the stay's granting remains in place, and Mr. Malvo might yet obtain relief in the state courts. If the Maryland Court of Appeals follows its tradition of issuing all opinions by the end of its term in August, the four cases that caused the Court of Special Appeals to stay Mr. Malvo's appeal will soon be decided, thus restarting appellate proceedings, which may be accelerated if the Maryland Court of Appeals grants the petition for prejudgment certiorari.

In the parties' view, moreover, the Fourth Circuit's opinion in Mr. Malvo's Virginia case, which in no way addressed Maryland's distinct statutory sentencing scheme, compels no particular action here. The parties therefore urge the Court to

July 27, 2018
Hon. Peter J. Messitte
Page 3

maintain the stay in this case and allow the ongoing state proceedings to run their normal course, just as the stay order implicitly contemplated.[1]

Respectfully submitted,

/s/ *Daniel J. Jawor*
DANIEL J. JAWOR
Assistant Attorney General
Senior Counsel for Federal Habeas Corpus Litigation
Bar No. 28699

Counsel for Respondents

/s/ *Williams C. Brennan, Jr.*
WILLIAM C. BRENNAN, JR.
Bar. No. 00465

Counsel for Petitioner

ECC: Russell P. Butler
Counsel for Victim's Representative Nelson Rivera

---

[1] After consultation, the parties understand that Russell P. Butler, counsel for victim's representative Nelson Rivera, takes a different view of the case in light of Mr. Rivera's rights under 18 U.S.C. § 3771. Given Mr. Rivera's unique concerns, respondents have urged Mr. Butler to file a rights-enforcement motion as authorized by Section 3771(b)(2)(B)(i), (d)(1), and (d)(3). *See also Brandt v. Gooding*, 636 F.3d 124, 136–37 (4th Cir. 2011) (approving of the district court's implementation of Section 3771 by, in effect, treating the victim's representative as amicus curiae).