IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEE BOYD MALVO** | * | |
| *Petitioner* | | |
| v. | * | **CIVIL No. PJM 13-1863** |
| **RANDALL MATHENA**, *et al.* | * | |
| *Respondents* | | |
| _____ | * | |
| **NELSON RIVERA** | * | |
| *Crime Victim's Representative* | | |
| | * | |

**Victim Representative's Reply to Respondents' Opposition to the Victim Representative's Motion to Take Up and Decide Enforcement of Statutory Rights Forthwith Under 18 U.S.C. §3771(d)(3)**

Victim's Representative Nelson Rivera, the husband of murder victim Lori Ann Lewis-Rivera, by his counsel, Russell P. Butler and Victor Stone, Esqs. of the Maryland Crime Victims' Resource Center, Inc., replies to Respondents' Opposition to the Victim Representative's Motion to Take Up and Decide the Enforcement of Statutory Rights Forthwith Under 18 U.S.C., §3771(d)(3), as follows:

**ARGUMENT**

Respondents, who opposed Petitioner Malvo's (Malvo) Maryland petition for certiorari to obtain a direct review of his claims from the Maryland Court of Appeals (Attachment A) also opposed here the Victim's Representative's request here, based upon his separate victims' rights. The option opposed by the Respondents is certification of the

1

issue to the Court of Appeals. Respondents' legal objections to a speedy resolution of Malvo's claims have no merit.

**I. Respondents' three legal objections have no merit and do not override this Court's obligations to accord the Victim Representative's his rights.**

Respondents argue that despite being aware of and sympathetic to the harm the Victim's Representative has endured and is continuing to endure, that they "cannot" act to support the Victim's representative. Respondents state that they are:

> attuned and sympathetic to the mental and emotional anguish that protracted litigation causes crime victims, anguish which the CVRA was intended to mitigate. Still, Respondents cannot join Rivera's request to certify a question of law to the Court of Appeals of Maryland for three reasons.

ECF32, p.2. As explained below, there is no merit to any of these arguments.

**1. 18 U.S.C. §3771 (CVRA) is enforceable and this Court can and must provide relief in this case.**

Respondents concede that the CVRA is enforceable, but then seek to evade this requirement of enforceability. Respondents state:

> First, although the CVRA was passed to afford the victims of crime an enforceable method to be heard in federal criminal and habeas cases, it did not confer, as relevant here, a substantive right to insist upon any particular case-management timeline or technique. Rivera's request for certification seeks to short-circuit the congressionally mandated process of exhaustion of state-court remedies, which the CVRA has never contemplated. ECF32, p.3.

**A. Congress intended enforceable rights for victims, not illusory rights. In balancing the applicable interests, this Court must provide appropriate relief as the legal, factual, and equitable factors support relief for the Victim's Representative rights as provided by law.**

The Victim's Representative asserts his statutory rights under 18 U.S.C. §3771(b)(2) which incorporates those rights under 18 U.S.C. §3771(a)(3), (4), (7), and

2

(8). The Victim's Representative did not and does not claim a "substantive right to insist upon any particular case-management timeline or technique" as Respondents allege, but rather asserts only that this Court has an obligation "to ensure" his rights under 18 U.S.C. §3771(b)(2)(A), and that one available and obvious way to comply with that obligation is to certify the question raised by Malvo to the Maryland Court of Appeals for more speedy consideration considering the unreasonable delay that has occurred. Certification does not seek to avoid the requirements of exhaustion[1], but just the opposite. It will allow both for the speedy exhaustion of Malvo's claims in the state courts and for the Victim's Representative's rights to be accorded as required by federal law. The CVRA was not passed merely to afford the victims of crime an enforceable method only to "be heard," but rather as a mechanism that they could be heard and accorded all of their statutory rights in federal criminal and habeas cases. Moreover, the CVRA was passed after *Lundy* and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), so the provisions of the CVRA apply because they are the more recent in time assuming there are any conflicts.

     b. Without any authority, Respondents suggests various reasons why the Court should not follow the statutory requirements:

---

[1] Exhaustion of claims by state prisoners in state courts before they may be entertained in federal courts is a judicial requirement. Fourteen years before Congress enacted the AEDPA, the Supreme Court in *Rose v. Lundy*, 455 U.S. 509 (1982), imposed a requirement of "total exhaustion" in accord with the principles of federalism. *See, Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

> In support of his motion, Rivera also cites his rights under the CVRA "to be reasonably heard," § 3771(a)(4), and "to be treated with fairness and with respect." § 3771(a)(8). (ECF 31 at 1). The filing of the underlying motion, and the Court's consideration of it, would appear to satisfy those rights at this juncture.

ECF 32, p.4, fn. 2. Respondents assertion is incorrect. The Court under 18 U.S.C. §3771(b)(2)(A) "shall ensure that the crime victim is afforded the rights." Just hearing the Victim's Representative does not satisfy ensuring the Victim's Representative's rights. For example, if a court agreed that the Victim's Representative had not been treated fairly, but having considered the unfairness of the situation took no responsive action that was feasible, that court's inaction would violate the court's obligation to "ensure" the provision of the victim's rights. The CVRA also requires the court to "take up and decide any motion asserting the victim's right forthwith." 18 U.S.C. §3771(d)(3). c. The Court of Appeals for the Tenth Circuit stated in the case cited by Respondents, *In re Olesen*, 447 Fed. Appx. 868, 7 -8 (10th Cir. 2011), that federal district courts should do more than merely acknowledge a victim's assertion of rights, and instead the court needed to "expressly address the rights asserted."[2]

> Respondents argue:
>
> In an unreported opinion, the United States Court of Appeals for the Tenth Circuit assumed without deciding that a balancing test similar to that which applies to a constitutional speedy-trial claim under *Barker v. Wingo*, 407 U.S. 514, 530 (1972), might also apply to a claim of unreasonable delay under the CVRA. *In re Olesen*, 447 Fed. Appx. 868, 871 (10th Cir. 2011). Applying that test, the court concluded that the prejudice a nine-year delay in habeas proceedings caused the victim did not outweigh the petitioner's right to due process. *Id.* ECF32, p.8-9, fn 5.

---

[2] In a subsequent proceeding in the same case, the District Court for the District of Utah considered the victim's assertion and granted relief to the victim. *Carter v. Bigelow*, 869 F. Supp. 2d 1322, 1327-1328 (D. Utah 2011).

The analysis of the Tenth Circuit when applied to the facts in this case, supports the Victim's Representative and not the Respondents. The unreported *Olesen* opinion states:

> Mr. Olesen [the victim's representative] argues that even though he asked the district court to dismiss Carter's [the convicted offender's] unresolved claims based on his CVRA right to be free from unreasonable delay in proceedings, the district court failed to address his CVRA assertions. See 18 U.S.C. § 3771(b)(2)(A) (requiring court to ensure victim receives rights in habeas proceedings). The CVRA requires the district court to "take up and decide any motion asserting a victim's right forthwith" and to clearly state its reasons for denying relief on the record. *Id*. §§ 3771(b)(1), (d)(3). It is true, as Mr. Olesen asserts, that the district court did not specifically address Mr. Olesen's claims. The court did, however, acknowledge that he had asserted his rights under the CVRA. Although the court fulfilled its duty to make a prompt determination, it could have been more clear about stating its reasons on the record. But it is apparent that the court determined Mr. Carter's right to proceed with habeas proceedings justified the delay. Because the district court acknowledged the CVRA filing by Mr. Olesen, we cannot conclude that Mr. Olesen's right to mandamus relief directing the district court to reconsider its order denying the State's motion to dismiss under Rule 41(b) is clear and indisputable. In so ruling, however, **we would encourage district courts when confronted with a CVRA motion to do more than simply acknowledge the assertion of CVRA rights and to expressly address the rights asserted**. *Cf. Antrobu*s, 563 F.3d at 1101 (directing district courts to be sensitive to victim's rights); *Kenna*, 435 F.3d at 1013 (recognizing that CVRA makes victims independent participants in legal process).Mr. Olesen asks this court when assessing unreasonable delay to apply the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), for evaluating the constitutional right to a speedy trial. See S. Rep. No. 108-191, 2003 WL 22680234, at *37 (2003) (referring to *Barker*); S. Rep. No. 105-409, 1998 WL 723953, at *28 (1998) (same). These factors are: (1) **the length of the delay**; (2) **the reason for the delay**; (3) **the victim's assertion of his rights**; and (4) the **prejudice to the victim**. See *Barker*, 407 U.S. at 530. Assuming without deciding that these factors apply, we agree with Mr. Olesen that **the more than nine-and-a-half-year delay is too long, he [the victim] has not been responsible for the delay, he has asserted his rights several times, and he has been prejudiced by the lengthy litigation**. Nonetheless, <u>while the question is close,</u> we cannot conclude at this juncture that the <u>prejudice and delay</u> overcome Carter's due process right to have his habeas case decided. A part of our consideration is the <u>likelihood that under the present briefing schedule this habeas action will soon be concluded by a final ruling by the district court.</u> Thus, although there was delay, we cannot further conclude that Mr. Olesen has a clear and indisputable right to the granting of the motion to dismiss. The district

> **court's setting of the briefing schedule suggests that the court is moving forward and recognizes the need to dispose of the case as expeditiously as possible.** Contrary to Mr. Olesen's assertion and in light of the number and complexity of the issues remaining in this capital habeas case, it is not realistic for the parties to complete briefing and for the court to resolve this case by the end of 2011. At this point, given the positive indications from the briefing schedule imposed on the parties and the court's own acknowledgment that this case has been unduly delayed, we will not set a deadline for the court's final ruling in this case. We are sympathetic to Mr. Olesen regarding the long delays in this case. *Cf. Smith v. Sec'y of N.M. Dep't of Corr.,* 50 F.3d 801, 821 n.30 (10th Cir. 1995) (noting delays due to numerous motions for extensions of time by parties and two-and-a-half-year unexplained time period during which case was at issue and disapproving of "inordinate and unreasonable delays in the absence of some reasonable explanation why it was necessitated"). **But because the case is proceeding and a briefing schedule has been set, we cannot conclude that the district court's denial of the <u>motion to dismiss for lack of prosecution was clearly wrong. Thus, we cannot say that Mr. Olesen's right to the [federal mandamus] writ is "clear and indisputable."</u>** *Allied Chem. Corp.*, 449 U.S. at 35 (internal quotation marks omitted). We encourage the district court to hold firm to the briefing schedule and to decide the case promptly after briefing is completed. (Emphasis added).

*In re Olesen*, 447 F. App'x 868, 870-71 (10th Cir. 2011). Applying these same *Olesen/Barker* factors in the instant case, the factors support the Victim's Representative's request for certification, not Respondents:

(1) **The length of the delay** – The delay in this case is significant. Respondent's Opposition shows that Malvo's case in this court has been pending since 2013, ECF32 p.6. The Victim's Representative's has been awaiting finality of the judicial proceedings since the murder in 2002 and he continues to endure his pain and suffering that this proceeding enhances.

(2) **The reason for the delay** - Just as in *Oleson*, the Victim's Representative in this case is not responsible for the delay that occurred. For a significant period of time in this case, this federal case lay dormant due to a lack of prosecution by Malvo. More

6

recently, the stay in the Maryland Court of Special Appeals was based upon the mistaken premise that other pending cases in the Maryland Court of Appeals implicated Malvo's State appeal. Respondents' Exhibit A, ECF32-1, p.3 (Joint Letter) That Joint Letter states that Malvo's situation involves a challenge "to life-without-parole (LWOP) sentences imposed on juvenile offenders, a type of challenge the Court of Appeals <u>did not address</u> in the recent cases." (Emphasis added.) Therefore, that Joint Letter has no relevance to and cannot justify any further delay at this point on the part of the State's judicial or executive branches regarding Malvo's stayed State appeal.

Per the Joint Letter, both the Respondents and the Maryland Office of the Public Defender (who represent Malvo in Malvo's State appeal - ECF- 30-2. p.14) agree, as previously set out by the Victim's Representative, that Malvo's life without parole case was "a type of challenge that the Court of Appeals did not address in the recent cases." ECF 32-1, p.3. While the Joint Letter is proffered by the Respondents as support that the Malvo petition to the Maryland Court of Appeals will be ruled on "relatively soon", that assertion is entirely speculative. Moreover, the State's opposition to Malvo's State certiorari petition makes it less likely the Maryland Court of Appeals will grant the petition for certiorari. Therefore, the further requests for the State appellate court stay in the Joint Letter in life-without-parole cases do not provide support for continuing the stay in this case. ECF 31-2. And, to the extent that the Joint Letter supporting further inaction is based upon potential U.S. Supreme Court review of the Maryland Court of Appeals decision that has issued, regarding an issue that is not dispositive of Malvo's cases, makes this Court's stay even more unreasonable and unwarranted. ECF 31-2.

7

Respondents state that "Section 3771(a)(7)'s protection against unreasonable delay therefore confers upon Rivera the right to have this Court consider the impact of **convenience-based delays** on his wellbeing and modify the course of proceedings accordingly." ECF 32. p. 10. (emphasis added.) However, there is nothing in the statute, legislative history, or case law that limits the victims' right is to avoid unreasonable delay to "convenience-based delays." The statute is plain on its face that the victim's right is to proceedings free from unreasonable delay. The legislative history that Respondents quotes states:

> Senate sponsors of the CVRA were explicit in their view that the statutory right to proceedings free from unreasonable **delay neither "curtail[s] the Government's need for reasonable time to organize and prosecute its case" nor infringe[s] on the defendant's due process right** . . . ." See Senate Debate at S4268-69 (statement of Sen. Kyl). <u>**On the other hand delays for other reasons**</u>, particularly "for the mere convenience of the parties **must take into account the victims countervailing interest in a speedy trial.** Id. at S4269 (statement of Sen. Kyl). (emphasis added)

ECF 32, pp. 9-10. As previously noted, the staying of Malvo's appeal because of other cases not involving life-without-parole that are not yet final, is unreasonable as the decisions in those appeals or petitions to the Supreme Court will not control the outcome of Malvo's complaints here. While the "convenience of the parties" is one enumerated item, among others, in the legislative history, the legislative history quoted above is drafted in the plural and shows that "**delays for other reasons**" must also be considered.

Respondents have not proffered here, nor could it, that it needs a "reasonable time to organize and prosecute the case," nor has Malvo indicated that the assertion for the Victim's Representative's rights infringe on his due process rights, as the convicted

8

offender did in the *Oleson* case. Such an argument by Malvo would be without support since Malvo already has filed a petition for certiorari to the Maryland Court of Appeals. By opposing Malvo's certiorari position in the Maryland Court of Appeals and then by opposing the certification relief sought here, Respondents have and continues to delay the resolution of Malvo's State appellate claims in a manner that prejudices the Victim's Representative.

Related to due process, the Tenth Circuit in *Oleson* indicated, **"Nonetheless, <u>while the question is close</u>, we cannot conclude at this juncture that the prejudice and delay overcome Carter's due process right to have his habeas case decided**. A part of our consideration is the **likelihood that under the present briefing schedule this habeas action <u>will soon be concluded by a final ruling by the district court</u>**. *In re Olesen*, 447 F. App'x 868, 871 (10th Cir. 2011)(emphasis added). In this case, this Court there is either a briefing schedule in place, nor is any briefing schedule to resolve the merits of Malvo's federal claims likely anytime in the near future because, paradoxically, the federal case and the State case <u>are both stayed</u>.

Also significant in *Oleson* was the mandamus review standard of the violations of required a "clear and indisputable right," that was employed by the Tenth Circuit at the time of its opinion.[3] The Tenth Circuit stated, "**But because the case is proceeding and a briefing schedule has been set, we cannot conclude that the district court's denial**

---

[3] The 10th Circuit's narrow mandamus review standard was overturned by a Congressional enactment that now provides that courts of appeal shall apply ordinary standards of appellate review. 18 U.S.C., § 3771(d)(3).

9

**of the motion to dismiss for lack of prosecution was clearly wrong. Thus, we cannot say that Mr. Olesen's right to the writ is "clear and indisputable."** *Id.* (emphasis added.) Because *Oleson* rested on a narrow standard of mandamus review applicable at the time but no longer applicable, the Tenth Circuit in *Oleson* the standard of mandamus relief has no relevance to the issues before the Court. [4] In this case, both dismissal, premised on *Rhines, supra* at 274-277 (because this case only involves a single unexhausted claim and no exhausted claims), and certification are possible remedies that this Court may employ for the violation of the Victim's Representative's rights.

(3) **The victim's assertion of his rights** - The Victim's Representative has asserted his rights several times. ECF25; ECF 30; and ECF 31.

(4) **The prejudice to the victim** - (1) The Victim's Representative has laid out the prejudice regarding the delay. ECF 30. pp. 7-9; ECF 3, p. 3. That harm has not been contested; Respondents agree there is harm that is "mental and emotional anguish which the CVRA was intended to mitigate." ECF 32. p. 2. Moreover, there is no prejudice to either party.

Therefore, under the CVRA and pursuant to the application of *Oleson/Barker* factors, since there is no due process deprivation to anyone other than the victim, because of the delay that has occurred in originally prosecuting this case, and because of the unwarranted stay by the Maryland Court of Special Appeals, on its face and as applied,

---

[4] In fact, the Tenth Circuit's indication that the "the question is close," implies that under the regular standards of review or the lack of an imminent determination by the district court, the conclusion of law to facts would have been different.

unreasonable delay to the Victim's Representative's rights has resulted, justifying action by this Court "forthwith," as the victim's statute commands.

**B. The proposed certification question framed by the Victim's Representative is appropriate, but if this Court or the Maryland Court of Appeals wishes to modify the certification question, the courts can and should reframe the question to resolve Malvo's unanswered question of State law.**

1. Respondents suggests that certification is not fit for certification because the proposed question is the ultimate question to be resolved in this federal case and therefore that the current federal court stay is the only procedural mechanism available. Respondents state:

> Second, the question Rivera proposes is not fit for certification because it is not a question of state law committed to the Court of Appeals of Maryland. Rather, the question Rivera proposes is the very ultimate federal question to be resolved in this case—a federal question that state courts are equally charged with answering in our federal system of government and which Congress has emphatically assigned to the state courts in the first instance in a federal habeas action by operation of the exhaustion doctrine. ECF32, p.3.

In *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) which held that *Miller v. Alabama* applied retroactively, the Supreme Court indicated that because of federalism and the states' sovereign administration of their criminal justice system, states should determine their own mechanisms regarding the operation of the state's own law:

> Louisiana suggests that *Miller* cannot have made a constitutional distinction between children whose crimes reflect transient immaturity and those whose crimes reflect irreparable corruption because *Miller* did not require trial courts to make a finding of fact regarding a child's incorrigibility. That this finding is not required, however, speaks only to the degree of procedure *Miller* mandated in order to implement its substantive guarantee. When a new substantive rule of constitutional law is established, this Court is careful to limit the scope of any attendant procedural requirement to avoid intruding more than necessary upon the States' sovereign administration of their criminal justice systems. See *Ford* v. *Wainwright*, 477 U.S. 399, 416-417, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) **("[W]e leave to**

> **the State[s] the task of developing appropriate ways to enforce the constitutional restriction upon [their] execution of sentences**"). (emphasis added)

*Id.* at 735. In addition, the Supreme Court in *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) reiterated the deference that federal courts owe to state courts. The opinion in *LeBlanc* emphasized that the legal test in this federal case will be whether the Maryland's application of Supreme Court case law in *Miller* and *Montgomery* is "objectively unreasonable." *Id.* at 1726. Consequently, the Victim Representative's phrasing of the certification question is proper. In any event, if this Court believes that better phrasing of the question is warranted, this Court is free to rephrase the issue for certification. In addition, the Maryland Court of Appeals under Md Code, Courts and Judicial Proceedings, §12-606(a)(3), may also reformulate the question as it determines is warranted in its discretion. So not only is Respondents' objection to the question without merit, it is also irrelevant because ultimately the Maryland Court of Appeals will determine the final phrasing of the certified question.

2. Respondents also argue that the Victim's Representative seeks to "short-circuit AEDPA," that there is no right under the CVRA to do that [5], and that exhaustion mandates consideration by the Maryland Court of Special Appeals.

> The question that Rivera would have this court certify is a federal question properly committed to the Maryland judiciary for resolution in the first instance. Under AEDPA's exhaustion doctrine, that includes the Court of Special Appeals of Maryland. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (explaining that a federal claim must be exhausted in every state court with

---

[5] The CVRA creates a right for proceedings free from unreasonable delay and no one specific remedy is enumerated. A certification order is one remedy the Court can take to address the ongoing violation of the Victim's Representative's rights. Dismissal of the case is another remedy that was at issue in *Oleson*.

jurisdiction to hear claim). The CVRA confers upon Rivera no right to short-circuit AEDPA.

As previously set out, the Circuit Court for Montgomery County has previously denied Malvo's request for relief. *State v. Malvo*, 2017 WL 3579711. Malvo has appealed that order to the Maryland Court of Special Appeals. That appeal is stayed. ECF 30-1. Malvo filed a Pre-judgment Petition for Certiorari to the Maryland Court of Appeals which has the effect, if granted, of lawfully bypassing any consideration by the Maryland Court of Special Appeals. ECF 30-2; Md Code, Courts and Judicial Proceedings, §12-201(Allowing pre-judgment Court of Special Appeals certiorari by motion or upon the Court of Appeal's own motion); Md Rule 8-303(b)(1)(B). The Court of Special Appeals under Md Rule 8-304 also has the power to certify questions to the Court of Appeals, which also has the effect of bypassing a merits determination by the Court of Special Appeals. Finally, the certification by this Court to the Court of Appeal under Md Code, Courts and Judicial Proceedings, Title 12, Subtitle 6 and Md Rule 8-305, likewise bypasses a determination by the Court of Special Appeals. Any of those procedures are proper and authorized by law to provide for the proper exhaustion of Malvo's claim.

Therefore, Respondents' argument, that a federal claim must be exhausted in state court at every level with permissible jurisdiction to hear claim including the Maryland Court of Special Appeals, is without merit and improperly seeks to have this Court and federal law supersede Maryland's sovereign operation of its own justice system. Congress has no ability to micromanage which state courts hear cases, any more than

Congress can control gambling in states. *Murphy v. NCAA*, 138 S. Ct. 1461 (2018). No constitutional issue arises here because contrary to Respondents' assertion, *Baldwin v. Reese* does not require that a "federal claim must be exhausted in every state court with jurisdiction to hear claim" and the holding in that case does not mean that bypassing the Court of Special Appeals would violate AEDPA.

In sum, the certification process from this Court is statutorily authorized and like both the state statutory pre-judgment certiorari process and the state Court of Special Appeals certification process, all are all are viable options for determining an AEDPA matter under Maryland law.

**C. While there is no guarantee that the Court of Appeals would agree to certification, Respondents' speculation that certification is "not likely to accelerate the case" denies the Victim's Representative's rights each day inaction continues in this case, and this Court's action under the CVRA may help and can do no harm, whereas further inaction by this Court guarantees more delay and harm to Victim's Representative.**

Respondents' last argument suggests that there is no chance that action by this Court's action will mean anything. Respondents state:

> Third, certification is not likely to accelerate this case. There can be no guarantee that the Court of Appeals of Maryland would agree to the certification, which would merely duplicate the certiorari petition already pending before that court. ECF32, p.3.

As Respondents opposed Malvo certiorari petition to the Maryland Court of Appeals, they oppose the Victim's Representative's rights here because they understand that certification can lead to a result that they oppose which is review by the Maryland Court of Appeal. However, since neither Malvo nor the Respondents have alleged that they will be harmed by the enforcement of the Victim's Representative's rights, the

14

certification of the Maryland state law question to the Maryland Court of Appeals would not be redundant because that court has so far declined to accept Malvo's petition there for a direct review. Certification to the Maryland Court of Appeals by this Court on the basis of the Victim Representative's motion, concurring with Petitioner Malvo's request for an speedy Maryland Court of Appeals determination, in order to finally determine this sixteen year old murder case, now pending on the federal docket for five years, could not further delay and would likely enhance the celerity of obtaining a decision on a question that the Maryland Court of Appeals has so far declined to act on, even though it was filed January 25, 2018, nine months ago.

Agreeing with the Respondents would amount to ruling that despite this Court's obligation to ensure the CVRA rights including amelioration of the harm to the Victim's Representative, those statutory victims' rights are illusory and unenforceable. While this Court cannot force the Maryland Judiciary to act, it must follow the law and enforce the CVRA to accord to the Victim's Representative his federal statutory rights which are not in dispute. This Court's certification would provide one more reason for the Maryland Court of Appeals should make space on its calendar to take up and decide the applicable question that is important not only to the parties, but also to the Victim's Representative who has asserted his statutory rights according to law.

## CONCLUSION

As Respondents' legal objections have no merit, the Victim's Representative's motion for this Court to enforce his victim's rights as requested should be granted.

Respectfully submitted.

/s/ Russell P. Butler
Bar No. 03952
rbutler@mdcrimevictims.org

/s/ Victor D. Stone
Bar No. 18692
Victor D. Stone, Esq.
Maryland Crime Victims'
    Resource Center, Inc.
1001 Prince George's Blvd., Suite 750
Upper Marlboro, Maryland 20774
Phone Number (302) 952-0063
Fax Number (240) 929 0526
vstone@mdcrimevictims.org
*Attorneys for Victim's Representative Rivera*

Certificate of Service

I HEREBY CERTIFY that on this 25th day of October, 2018, a copy of the foregoing Victim Representative's reply was delivered by electronic cm/ecf, to:

William C. Brennan, Jr., Esq.
*Counsel for Petitioner*

Daniel John Jawor, Assistant Attorney General
*Counsel for Respondent, the State of Maryland*

/s/ Russell P. Butler, Esq.
*Attorney for Victim's Representative Rivera*